IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03001-BNB

LIONEL KERSH,

    Plaintiff,

v.

THE PORTLAND, OREGON SOCIAL SECURITY ADMINISTRATOR,
SOCIAL SECURITY OFFICE, SE DIVISION,
U.S., and
SSA,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  He filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for money damages and mandamus relief.  As mandamus relief, he asks this Court to force the Social Security Office in Portland, Oregon, to reissue him another child-support check.

    Mr. Kersh has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Kersh's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part pursuant to § 1915(e)(2)(B) as legally frivolous and in part for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Mr. Kersh alleges that an unknown person at his prior address in Portland, Oregon, forged his name on the last child-support check he received and fraudulently cashed it. He further contends that the Social Security office in Portland, Oregon, failed to conduct an investigation and that the Social Security administrators at both the Portland and Denver offices stated there was nothing they could do about the situation. However, he is suing only the Social Security administrator of Portland, not Denver.

First, Mr. Kersh's allegations do not rise to the level of a constitutional claim. He fails to allege what, if any, constitutional rights were violated. The Court is unable to read Plaintiff's complaint as asserting a takings claim under the due process clause to the Fifth Amendment because Mr. Kersh does not allege that a government entity or official wrongfully took his private property for public use without compensation. *See* U.S. Const. amend. V. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. As such, Mr. Kersh's complaint is legally frivolous, and must be dismissed.

Moreover, to the extent Mr. Kersh seeks mandamus relief, the complaint also must be dismissed as legally frivolous. Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Mr. Kersh has not presented the Court with an extraordinary situation mandating mandamus relief. He fails to allege facts demonstrating a clear right to the relief sought. He fails to make factual allegations indicating that Defendant, the Portland Social Security administrator, owes him a clear nondiscretionary duty. He fails to demonstrate that no other adequate remedy is available to him. To the extent Mr. Kersh's claims seek mandamus relief, the claims against the Portland Social Security administrator will be dismissed as legally frivolous.

Lastly, Mr. Kersh's claims for money damages are barred by sovereign immunity. Generally, suits against the United States government are barred by federal sovereign immunity and can only be brought if Congress has waived that immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Without such a waiver, courts lack jurisdiction to hear cases brought against the United States, its agencies, or its employees. *F.D.I.C.* 510 U.S. at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress has not waived immunity to suits brought under 42 U.S.C. § 1983. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."); *Beal v. Blount*, 461 F.2d 1133, 1137 (5th Cir. 1972) (declaring a suit brought under 42 U.S.C. §§ 1981-1988, 28 U.S.C. § 1343, and 28 U.S.C. § 1331 was the sort "barred by the doctrine of sovereign immunity."). Therefore, Mr. Kersh lacks jurisdiction to assert civil rights claims for damages against the Social Security Office, Southeast Division; United States; and Social Security Administration. *F.D.I.C.* 510 U.S. at 475.

Even construing Mr. Kersh's claims as asserted pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the complaint still fails. *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its

agencies are barred by sovereign immunity. *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 955 (10th Cir. 2007). Therefore, Mr. Kersh's *Bivens* claims for damages against the Social Security Office, Southeast Division; United States; and Social Security Administration also fail.

In addition, Mr. Kersh lacks recourse pursuant to *Bivens* against the Portland Social Security administrator because it is clear Mr. Kersh is suing the administrator in his or her official capacity. "There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *see also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1247 (10th Cir. 1989) (holding that the doctrine of sovereign immunity bars civil rights claims against federal officials in their official capacities). "Instead, any action that charges such official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Perrill*, 275 F.3d at 963 (citation omitted). Therefore, Mr. Kersh's *Bivens* claims for damages against the Portland Social Security administrator fail.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Kersh files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and in part for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  12th  day of   January  , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court